IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

CONSWELLO MOORE,                        )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          CV 125-004
                                        )
BENJAMIN SMITH; L&B3 TRUCKING           )
LLC; and SOUTHWIND RISK                 )
RETENTION GROUP, INC.,                  )
                                        )
            Defendants.                 )
                          _____

**O R D E R**
                          _____

Following a trucking accident on March 19, 2023, Plaintiff filed this action in the State Court of Richmond County, and Defendants removed on January 10, 2025, asserting jurisdiction based on diversity of citizenship.  (Doc. no. 1, pp. 1-6.)  There is no specific amount of damages claimed in the complaint.  (Doc. no. 1-1, pp. 2-8.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.  Further, the burden of proving the jurisdictional amount lies with the removing defendants. Id.

Defendants cite Plaintiff's pre- and post-suit demand letters as evidence the amount in controversy exceeds $75,000.  (Doc. no. 1, pp. 4-5.)  Plaintiff's pre-suit demand itemized "$44,374.00[] and counting" in medical expenses related to the accident and demanded $200,000

to settle her claim. (Doc. no. 1-3, pp. 2-4.) Plaintiff's post-suit demand was $250,000. (Doc. no. 1-4.) However, "demand letters alone are not enough to establish amount in controversy" because "by their nature, settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." Gagnon v. Petsmart, Inc., No. 220-CV-676, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). Thus, it is not facially apparent that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendants to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

As the time for Plaintiff's counsel to file a notice of appearance has not yet expired, the Court **DIRECTS** the **CLERK** to serve this Order by email and mail on Mr. Eric Yakaitis at the addresses listed on the Complaint originally filed in the State Court of Richmond County. (See doc. no. 1-1, p. 8.)

SO ORDERED this 13th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2