IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CONSWELLO MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-004 |
| | ) | |
| BENJAMIN SMITH; L&B3 TRUCKING | ) | |
| LLC; and SOUTHWIND RISK | ) | |
| RETENTION GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In consideration of the record and briefing, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the State Court of Richmond County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

**I.    BACKGROUND**

Plaintiff alleges Defendant Benjamin Smith, while working as an employee or agent of Defendant L&B3 Trucking, LLC, and insured by Defendant Southwind Risk Retention Group, Inc., was driving a commercial vehicle when he caused a collision with Plaintiff's vehicle, forcing Plaintiff's vehicle off the roadway and into a tree. (See doc. no. 1-1.) Plaintiff generally alleges significant bodily injuries and past and future medical expenses. (Id. at 15.) However, the Complaint does not specify the type of injuries sustained, nor does it claim a specific amount of damages. (See id.) Plaintiff filed this action in the State Court of Richmond County, and Defendants filed a Notice of Removal on January 9, 2025, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 2-6.)

Defendants cite Plaintiff's pre- and post-suit demand letters as evidence the amount in controversy exceeds $75,000. (Id. at 4-5.)

On January 13, 2025, the Court issued an Order directing Defendants to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiff's claim exceeds the amount in controversy requirement. (Doc. no. 4.) In response, Defendants argue the amount in controversy is satisfied based on the same evidence cited in their Notice of Removal, which includes Plaintiff's pre-suit demand itemizing "$44,374.00[] and counting" in medical expenses related to the accident and demanding $200,000 to settle her claim, as well as her post-suit demand of $250,000. (Doc. no. 10; see also doc. no. 1-3, pp. 2-4; doc. no. 1-4.) Defendants further explain they sought a stipulation from Plaintiff concerning the amount in controversy, but "Plaintiff's counsel refused to affirm that the Plaintiff seeks more than $75,000 and also refused to stipulate that she was seeking $75,000 or less." (Doc. no. 10, p. 1.) Accordingly, Defendants represent they "are prepared to return to state court and conduct discovery sufficient to support later removal" in the event the Court finds the amount in controversy insufficient. (Id. at 2.)

## II.   DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City

2

Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319. Although a defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case

3

stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show the amount in controversy exceeds $75,000. The original complaint itemized no damages, and Defendants have advanced only three items of evidence as to the amount in controversy: (1) Plaintiff's pre-suit demand itemizing "$44,374.00[] and counting" in medical expenses related to the accident and demanding $200,000 to settle her claim, (2) Plaintiff's post-suit demand of $250,000, and (3) Plaintiff's unwillingness to stipulate to an amount in controversy of less than $75,000. However, as explained below, these are insufficient.

The medical bills do not approach the amount in controversy, and Plaintiff's general request for compensation for unspecified injuries and her medical expenses provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity—all of which would continue in future—and complaint contained demand for both compensatory and punitive damages in unspecified amounts). Moreover, because jurisdiction must exist at the time of removal, the mere

4

possibility of future medical expenses is not determinative. Further, Plaintiff's response to Defendants' request for a stipulation concerning the amount in controversy is insufficient proof of the jurisdiction and would be even if Plaintiff had provided a responsive stipulation. Morrison, 228 F.3d at 1275.

The Court cannot conclude the defense has met its burden to show by a preponderance of evidence the value of this case meets the $75,000 jurisdictional threshold. See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), *adopted by* 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, C.J); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga. Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by* 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v.

5

Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the State Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of January, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA